UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CURTIS LOGUE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-2023-STA/dkv |
| NISSAN NORTH AMERICA, INC. NISSAN MOTOR COMPANY, LTD., | ) ) ) | |
| Defendants. | ) | |

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION ON PLAINTIFF'S MOTION FOR VOLUNTARILY DISMISSAL
AND MOTION TO REMAND
_____

Before the Court is the Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Voluntarily Dismissal and Motion to Remand (D.E. # 23). On June 17, 2008, Magistrate Judge Vescovo issued a report and recommendation that Plaintiff's Motion for Voluntarily Dismissal be granted and the Motion to Remand denied as moot. Defendant has filed timely objections to the Magistrate Judge's report, and so the Court will "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[1] For the reasons set forth below, the Magistrate Judge's Report is **ADOPTED**.

_____

[1] 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

Plaintiff Curtis Logue ("Plaintiff") filed this putative class action in state court on December 18, 2007, alleging two causes of action: (1) violation of Tennessee Consumer Protection Act of 1997, T.C.A. §§ 47-18-101 *et seq.* ("TCPA") and (2) breach of implied warranty of merchantability and fitness for a particular purpose under the Uniform Commercial Code ("UCC"). Defendant, Nissan North America, Inc. ("Nissan"), removed the case from state court to this court on January 18, 2008. There are currently several motions pending in this matter. Plaintiff has moved to remand the case to state court (D.E. # 5) to which Defendant has responded in opposition. For its part Defendant has filed a Motion to Dismiss (D.E. # 9), a Motion to Stay Discovery (D.E. # 10), and a Motion to Strike Class Allegations (D.E. # 11).

Subsequently, Plaintiff has filed a Motion for Voluntary Dismissal (D.E. # 18), which along with Plaintiff's Motion to Remand were referred to the Magistrate Judge for a report and recommendation. Defendant opposed Plaintiff's Motion for Voluntary Dismissal on the grounds that Plaintiff is forum shopping as a result of the Tennessee Supreme Court's decision in *Walker, et al v. Sunrise Pontiac-GMC Truck, Inc.,* No. W2006-01162-SC-S09-CV, 2008 WL 375257 (Tenn. 2008).[2] In her report, Judge Vescovo ruled that Plaintiff could voluntarily dismiss his suit without court order pursuant to Rule 41(a)(1) due to the fact that Defendant had yet to file an

---

[2] As Judge Vescovo noted, "Prior to 1991, the Tennessee Consumer Protection Act ("TCPA") provided that any person could bring an action for damages individually, but not in a representative capacity. TENN. CODE ANN. § 47-18-109(a)(1). The legislature then removed the phrase "but not in a representative capacity" from the aforementioned statute, and chief justice William Barker declared that this amendment denied class action lawsuits to be certified in Tennessee courts. *See Walker* 2008 WL 37527, at *1." Plaintiff argues that his suit is no longer "economically feasible" without the class-action vehicle.

answer or motion for summary judgment.[3]  Furthermore, Defendant's arguments concerning

legal prejudice or any of the factors for dismissal listed in Rule 41(a)(2) were misplaced because

Plaintiff had the right to dismiss under Rule 41(a)(1).  Nevertheless, Judge Vescovo went on to

consider Defendant's contentions that it would suffer prejudice due to Plaintiff's supposed forum

shopping and the expense Defendant has already incurred defending this case.  As to legal

prejudice, Defendant failed to show that it would lose any absolute defense in this forum which

would be unavailable in another forum.  Judge Vescovo also found that it was unlikely

Defendant had incurred significant expense in light of the fact that Defendant did not estimate its

present legal costs, had not prepared an answer to the complaint, had not taken part in settlement

negotiations, and the case was only a few months old.  Based on these findings, Judge Vescovo

concluded that Plaintiff's Motion for Voluntary Dismissal should be granted and his Motion for

Remand declared moot.

## <u>ANALYSIS</u>

Because the Defendant has filed objections to the Magistrate Judge's report, the Court

will review those portions of the report to which objection has been made de novo, pursuant to

28 U.S.C. § 636(b)(1)(C).

---

[3] Judge Vescovo also recognized that while Rule 23 limits the availability of voluntary dismissal in class actions, no class has yet been certified in this matter.

### I. Application of Rule 41(a)(1) and (2)

First, Defendant objects that the Magistrate Judge misapplied Rule 41(a)(1) and (2). More specifically, Defendant disagrees with the Magistrate Judge's conclusion that "Rule 41(a)(2) only takes effect when Rule 41(a)(1) does not apply."[4]  Defendant argues that nothing in the language of Rule 41(a)(2) suggests that it applies only when paragraph (1) does not.  In support Defendant cites a series of cases for the proposition that "the continuing availability of Rule 41(a)(1) does not preclude the Court from dismissing the action pursuant to Rule 41(a)(2)."[5]     The Court concludes that there is no error in the Magistrate Judge's application of the rule.  Rule 41(a)(2) states, "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."[6]  Unless an exception applies, a plaintiff may not dismiss his or her case without leave from the court.  The plain language of Rule 41(a)(2) signals that paragraph (1) sets forth the exceptions to this general rule: "***Except*** as provided in paragraph (1) of this subdivision of this rule (emphasis added)."

In the case at bar, Plaintiff would generally be required by Rule 42(a)(2) to obtain a court order to dismiss his case.  The rule would also permit the Court to consider the terms and conditions of the dismissal, including dismissal with prejudice.  However, an exception found in Rule 41(a)(1) applies to this case, namely, Plaintiff may simply file a "notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment,

---

[4] Report & Recommendation, 4.

[5] Def.'s Obj. to Report & Recommendation, 5 (citations omitted).

[6] Fed. R. Civ. P. 41(a)(2).

whichever first occurs."[7]  Defendant has not filed an answer or motion for summary judgment.

Therefore, Plaintiff may avail himself of the relief of paragraph (1) without court order or

consideration of "such terms and conditions as the court deems proper" such as dismissal with

prejudice.

      Defendant has specifically objected that the Magistrate Judge erred in concluding that

"The introductory clause of Rule 41(a)(2) clarifies that Rule 41(a)(2) only takes effect when

Rule 41(a)(1) does not apply."  Rule 41(a)(1) provides two exceptions to the general rule

requiring a court order with terms and conditions of dismissal.  Subsection (i) permits plaintiff to

file a notice of dismissal at any time prior to the defendant's filing an answer or motion for

summary judgment.  Subsection (ii) allows all parties to file a signed stipulation of dismissal.

Both operate as dismissals without prejudice; neither requires prior approval of the court.  In so

far as a defendant's answer or motion for summary judgment cuts off the possibility of a plaintiff

filing a notice of dismissal under Rule 41(a)(1)(i), then the Magistrate Judge was correct in

stating that  "Rule 41(a)(2) only takes effect when Rule 41(a)(1)" and its relief is no longer open

to a plaintiff.  However, the Court agrees with Defendant that it is not impossible for a plaintiff

to file a motion pursuant to Rule 41(a)(2) even when the relief of paragraph (1) is still available.

Based on the plain language of Rule 41(a), the Court would state the principle differently, that is,

paragraph (2) is the general rule on voluntary dismissal and paragraph (1) contains the

exceptions permitting dismissal without leave of court.  Nevertheless, this difference in the

interpretation does not alter the result in this case.

---

[7] Fed. R. Civ. P. 41(a)(1).

While the Court does not adopt this particular statement from the Magistrate Judge's report, the Court finds no error in her holding that the relief of Rule 41(a)(1) remains available to Plaintiff. Defendant exercised its right to file a motion to dismiss (and two other motions) in lieu of an answer to Plaintiff's complaint. Had Defendant filed an answer, then clearly the requirements of Rule 41(a)(2) would control Plaintiff's Motion for Voluntary Dismissal, and dismissal would require a court order and consideration of "such terms and conditions as the court deems proper." However, because Defendant did not file an answer or a motion for summary judgment, Plaintiff may take advantage of the exception set forth in paragraph (1) and need not obtain leave from the Court in order to voluntarily dismiss his case.

Defendant also objects that the Magistrate Judge misapplied Rule 41 because Plaintiff's Motion is actually brought pursuant to Rule 41(a)(2), not paragraph (1). In support, Defendant contends that the request for relief in Plaintiff's Motion refers specifically to Rule 41(a)(2). Furthermore, Plaintiff's Memorandum in Support states that he seeks dismissal via Rule 41(a)(2) because this is a putative class action. In the relevant portion of his Memorandum, Plaintiff acknowledges that any voluntary dismissal under Rule 41(a)(1) is subject to Rule 23(e) governing class actions and appears to concede that he cannot file a notice of voluntary dismissal pursuant to Rule 41(a)(1).[8] However, as Plaintiff also points out, voluntary dismissal without court order pursuant to Rule 41(a)(1) remains available to plaintiffs before their putative class is certified.[9] Rule 23(e)(1)(A) states, "The court must approve any settlement, voluntary dismissal,

---

[8] Pl.'s Memo. in Support, 3 ("Indeed, were this not a putative class action, Plaintiff would be permitted to simply file a notice of dismissal pursuant to Rule 41(a)(1).")

[9] *Id.*

6

or compromise of the claims, issues or defenses of a certified class."[10]  Plaintiff's prayer nevertheless seeks an order of voluntary dismissal pursuant to Rule 41(a)(2).

The Court finds that Defendant's objection is not persuasive.  Although it is true that Plaintiff's prayer seeks relief pursuant to Rule 41(a)(2), the first sentence of Plaintiff's Motion explicitly seeks the relief afforded by Rule 41(a)(1) as well.  Furthermore, the Court has now determined that relief is available to Plaintiff pursuant to Rule 41(a)(1).  Defendant correctly points out that voluntary dismissal under Rule 41(a)(1) is achieved by means of a notice (and not a motion) of dismissal.  However, it is clear to the Court that Plaintiff filed his Motion because of his mistaken belief that he could not simply file a notice of dismissal: "were this not a putative class action, Plaintiff would be permitted to simply file a notice of dismissal pursuant to Rule 41(a)(1)."  On the contrary, voluntary dismissal by notice only ceases to be available to a plaintiff in a putative class action once the class has been certified.  As the Magistrate Judge found in her report, Rule 23(e) does not block the operation of Rule 41(a)(1) where class certification has not taken place.  Plaintiff acknowledged that the putative class in this case had not been certified and  properly recited Rule 23(e), which requires court approval for voluntary dismissal of a *certified* class.  Nevertheless, from these premises Plaintiff wrongly concluded that he no longer had the option of filing a notice of dismissal.  As a result, Plaintiff sought relief by the instant Motion and cited both Rule 41(a)(1) and (2).  Because the plain language of Rule 23(e) applies only to certified classes, and there has been no certification in this case, the Magistrate Judge did not err in granting Plaintiff's Motion pursuant to Rule 41(a)(1).  Therefore, the Court need not consider Plaintiff's request for relief pursuant to Rule 41(a)(2).

---

[10] Fed. R. Civ. P. 23(e).

Defendant has filed with the Court an additional case (D.E. # 29) in support of its argument that the Magistrate Judge erred in holding that Rule 41(a)(2) only takes effect when Rule 41(a)(1) does not apply.  The Court has already held that this statement from the Magistrate Judge's report was not fatal to her analysis.  Furthermore, the Court fails to see how the holding in this non-binding precedent supports Defendant's objection.  In *Parker v. Freightliner Corp.*, 940 F.2d 1019 (7th Cir. 1991), the Seventh Circuit held that a plaintiff was not entitled as a matter of law to have his motion for voluntary dismissal treated as a notice of dismissal pursuant Rule 41(a)(1) even though the opposing party had not filed its answer or a motion for summary judgment.  Like Plaintiff in the case at bar, the *Parker* plaintiff had filed his motion with the court rather than simply a notice of dismissal.  Additionally, the plaintiff's motion referred only to Rule 41 and failed to specify Rule 41(a)(1)(i).  The lower court granted the motion but treated it as a voluntary dismissal pursuant to Rule 41(a)(2).  Even then the plaintiff in *Parker* did not object to the lower court's handling of the motion.  Only on appeal did Plaintiff insist that his motion was brought under Rule 41(a)(1)(i).  Under the circumstances, the Seventh Circuit stated that it was proper for the lower court to consider the motion as one made under Rule 41(a)(2).

*Parker* is distinguishable from the facts presented in the case at bar.  First, while it is true that Plaintiff filed the instant Motion rather than simply a notice of dismissal, Plaintiff's Motion, unlike the motion in *Parker*, specifies relief pursuant to Rule 41(a)(1) and (2).  Second, this case presents the complication of being a putative class action unlike *Parker* which was filed by a single plaintiff.  As discussed above, Plaintiff concluded, mistakenly, that the relief of Rule 41(a)(1) was unavailable because this is a putative class action.  This Court has resolved that question and granted that Plaintiff may seek the relief of Rule 41(a)(1) making consideration of

his Motion under Rule 41(a)(2) unnecessary.  Therefore, the Seventh Circuit's well-reasoned analysis in *Parker* does not alter the outcome here.

## II. Dismissal with Prejudice

The second error Defendant assigns to the Magistrate Judge's report is her failure to consider Defendant's contention that the matter should be dismissed with prejudice.  Defendant urges the Court to consider factors for dismissal under Rule 41(a)(2) including the legal prejudice to Defendant.  Despite her analysis that Rule 41(a)(1) applied, Judge Vescovo did consider these factors and the prejudice Defendant might suffer if Plaintiff's case was dismissed without prejudice.  In her report, the Magistrate Judge found that Defendant "provides no evidence that there is a legitimate danger of Logue choosing a forum in which Nissan would be stripped of an absolute defense to this lawsuit."  Likewise Defendant failed to show that losing its defense to class certification would be "the difference between winning and losing" its case.

Defendant still contends that the Magistrate Judge failed to consider *Grover v. Eli Lilly and Co.*, 33 F.3d 716 (6th Cir. 1994), which Defendant characterizes as "directly on point."  In *Grover*, the Sixth Circuit found that the lower court abused its discretion where it dismissed the case without prejudice.  The Sixth Circuit explained that the following factors should be considered when determining whether to dismiss with or without prejudice: "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant."[11]  Under the

---

[11] *Grover*, 33 F.3d at 718 (citations omitted).

circumstances, the Sixth Circuit held that these factors favored a dismissal with prejudice in *Grover*. Five years after the initiation of the case, the district court in *Grover* had certified questions of law to the Supreme Court of Ohio, which were dispositive of the matter. Nevertheless, having received answers to the certified questions, the district court disregarded the ruling of the Ohio court and dismissed the matter without prejudice because the Ohio court had issued a 4-3 decision on the certified questions. This led the Sixth Circuit to state, "We are particularly troubled by the manner in which the district court utilized the certification process."[12]

The Court finds that *Grover* is instructive but not dispositive of the question presented in the case at bar. First, Defendant's objection that Judge Vescovo failed to consider the factors enumerated in *Grover* is unfounded. It is clear that the Magistrate Judge's report addressed Defendant's effort and expense to prepare for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, Plaintiff's explanation for the need to take the dismissal, and whether Defendant had filed a motion for summary judgment. The Court agrees with the Magistrate Judge that the weight of these factors favors dismissal without prejudice.

Additionally, the Court finds *Grover* distinguishable. *Grover* does not stand for the proposition that any dismissal sought due to an intervening change in law should be granted only with prejudice as Defendant appears to argue. On the contrary, *Grover* involved the very different situation where the district court certified questions of law which were dispositive of the case to the Ohio court and then effectively disregarded the Ohio court's answer. By utilizing the certification process, the district court had forced the *Grover* defendant to put forth the

---

[12] *Id.* at 719.

additional legal effort and expense of briefing and arguing the issue before the Ohio court with the understanding that the Ohio court's decision would be determinative. Despite the additional time and expense incurred by the *Grover* defendant, the district court went on to dismiss the case without prejudice. This decision not only contravened the purpose of the certification process but also constituted clear legal prejudice to the defendant in *Grover*. Taken together with the fact that the *Grover* litigation was already five years old at the time the district court undertook certification, the Sixth Circuit held that the case should have been dismissed with prejudice.

Here Plaintiff filed his case in state court on December 18, 2007, and Defendant removed it to this Court one month later. Plaintiff then filed his Motion for Voluntary Dismissal on March 28, 2008, a little more than two months after the case was removed. In light of the very short history of the case, it cannot be said that Plaintiff has shown a lack of diligence or caused excessive delay prior to seeking his dismissal. This factor alone makes *Grover* distinguishable. More importantly, unlike *Grover*, this Court has not certified any questions of law in this matter to the Tennessee Supreme Court. The Tennessee court did announce its decision in *Walker*, which appears to have foreclosed a class action pursuant to the TCPA. The *Grover* court did hold, "At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice."[13] However, the only result that *Walker* clearly dictates for this case is that Plaintiff may not maintain a class action to pursue his claims under the TCPA. As the Magistrate Judge recognized in her report, Defendant may lose its defense to class certification in Tennessee, but that alone would not be the difference between winning and losing the case. Defendant may

---

[13] *Id.*

have similar defenses in other states and continues to have defenses to Plaintiff's UCC claims. In other words, Defendant has not lost an absolute defense to the lawsuit. Therefore, the Court finds that Defendant's second objection is without merit.

### III.  Forum Shopping

Finally, Defendant's third assignment of error is that the Magistrate Judge failed to address its argument that Plaintiff's Motion to Voluntarily Dismiss his case without prejudice amounts to forum shopping. Defendant argues that Plaintiff's reasons for dismissal, that his claim is not economically feasible without the class action, is insufficient. Defendant contends that Plaintiff's claims would not survive a motion to dismiss, either individually or as a class action. Plaintiff's conduct amounts to abuse of the judicial system.

Contrary to Defendant's assignment of error, the Court finds that the Magistrate Judge did, in fact, address this argument in the report and found that dismissal without prejudice would not cause Nissan to suffer legal prejudice. For the same reasons discussed above, the Magistrate Judge concluded that Plaintiff's dismissal would not impair any of Defendant's defenses in this case, except perhaps its defense to class certification in Tennessee. Again the loss of that defense does not necessarily lead to the conclusion that Defendant would lose the case in another forum. Therefore, the Court finds no error in the Magistrate Judge's reasoning and overrules Defendant's objection.

**CONCLUSION**

Having reviewed Magistrate Judge Vescovo's report and recommendation de novo, and Defendant's objections to the report, the Court hereby **ADOPTS** the Magistrate Judge's report with the exception of the statement that Rule 41(a)(2) only takes effect when Rule 41(a)(1) does not apply.  Plaintiff's Motion for Voluntary Dismissal is **GRANTED**, and Plaintiff's Motion to Remand is **DENIED** as moot.  The clerk is directed to terminate all other pending motions in this case and enter judgment.

      **IT IS SO ORDERED.**

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                UNITED STATES DISTRICT JUDGE

                Date: July 30th, 2008